# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| AMBER L.,[1] | : Case No. 3:21-cv-00202 |
| Plaintiff, | : |
|  | : District Judge Michael J. Newman |
| vs. | : Magistrate Judge Caroline H. Gentry |
|  | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
|  | : |
| Defendant. | : |

## REPORT AND RECOMMENDATIONS[2]

## I. INTRODUCTION

Plaintiff filed an application for Supplemental Security Income (SSI) in February 2019. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] See S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] See 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 7), the Commissioner's Memorandum in Opposition (Doc. 10), Plaintiff's Reply (Doc. 12), and the administrative record (Doc. 6).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since March 1, 2018[3]. At that time, she was thirty-nine years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has "a high school education and above." *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 6-2, PageID 40-53), Plaintiff's Statement of Errors (Doc. 7), the Commissioner's Memorandum in Opposition (Doc. 10), and Plaintiff's Reply (Doc. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[3] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See* 20 C.F.R. § 416.335.

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.     THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since February 6, 2019, the SSI application date. |
| Step 2: | She has the severe impairments of "asthma, emphysema of the right pleural space, persistent airspace disease, lung abscess, intercostal neuritis, depression, anxiety disorder, post-traumatic stress disorder (PTSD) and borderline intellectual functioning." |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: "lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking for approximately 4 hours per 8 hour workday; sitting for approximately 4 hours per 8 hour workday with normal breaks; no climbing of ladders, ropes and scaffolds; no crawling; occasional climbing of ramps and stairs; occasional balancing, |

>> stooping, crouching and kneeling; avoid concentrated exposure to environmental irritants (e.g., fumes, odors, dust and gas), poorly ventilated areas and industrial chemicals; avoid hazardous machinery and unprotected heights; and work is limited to simple, routine and repetitive tasks, performed in a work environment free of fast paced production requirements, involving only simple work related decisions, and with few, if any work place changes."
>
> She has no past relevant work.
>
> Step 5:  Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 6-2, PageID 42-52.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 53.)

## V.  ANALYSIS

Plaintiff raises two issues in her Statement of Errors: (1) the ALJ improperly discredited the State Agency opinions regarding superficial interaction with others; and (2) the ALJ's decision is constitutionally defective, because the ALJ derived his authority from Andrew Saul, whose appointment as a Single Commissioner of Social Security violates the separation of powers. (Doc. 7, PageID 1798, 1803.) Finding error in the ALJ's evaluation of the opinion evidence, the Court does not address Plaintiff's other alleged error and instead, instructs the ALJ to address both errors on remand.

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. Because Plaintiff filed her claim in February 2019, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or

5

prior administrative medical finding(s) . . . ." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c).

Because the first two factors – supportability and consistency – are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 416.920c(b)(2) (emphasis added).[4] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 416.920c(c)(2).

State agency psychological consultant Karen Terry, Ph.D. completed a psychiatric review technique assessment and a mental residual functional capacity assessment in June 2019. (Doc. 6-3, PageID 119, 124-26.) Dr. Terry opined that Plaintiff's depressive disorder, anxiety disorder, and neurodevelopmental disorder caused mild impairment in the "B criteria" area of interacting with others. (*Id.* at PageID 119.) She found that

---

[4] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 416.920c(b)(2).

Plaintiff experienced moderate impairment in the "B criteria" areas of understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *(Id.)*

With regard to functional limitations, Dr. Terry opined that Plaintiff was "able to complete simple and routine tasks of at least three steps." (Doc. 6-3, PageID 125.) She also opined Plaintiff was "able to complete simple, routine work" and "would need a static work environment [with] no fast paced production requirements." *(Id.)* According to Dr. Terry, Plaintiff "would need superficial interactions [with] others." *(Id.* at PageID 126.) Dr. Terry opined that Plaintiff "retained the ability to perform job duties that remain relatively static" and that "any necessary changes need to occur infrequently and be adequately and easily explained to her ahead of time." *(Id.)*

David Dietz, Ph.D. reviewed the updated record in August 2019. (Doc. 6-3, PageID 139, 144-45.) He affirmed Dr. Terry's "B criteria" findings and functional limitations. *(Id.)*

The assessments from Drs. Terry and Dietz constitute "prior administrative medical findings" as defined by 20 C.F.R. § 416.913(a)(5). Accordingly, the rules for the evaluation of medical opinions and prior administrative medical findings set forth in 20 C.F.R. § 416.920c apply to the ALJ's consideration of their assessments.

The ALJ concluded that the findings from Drs. Terry and Dietz were "mostly persuasive." (Doc. 6-2, PageID 51.) Nevertheless, the ALJ found that Plaintiff did not have "more than mild limitations in social functions," and concluded that the prior administrative medical findings "d[o] not warrant a reduction to superficial interaction

7

with others." (*Id.*) The ALJ explained: "There is no support in the record to support social limitations excepting occasional subjective complaints by [Plaintiff]." (*Id.*)

This Court concludes that the ALJ finding challenged here (namely, that the record does not support social limitations except for Plaintiff's occasional subjective complaints) is not supported by substantial evidence. The Court further finds that the ALJ erred by failing to comply with the Social Security Administration regulation that required him to analyze the persuasiveness of the prior administrative medical findings. For both reasons, the undersigned RECOMMENDS that the ALJ's decision be reversed.

## A. Lack of Substantial Evidence

The ALJ found that there is "no support in the record" to support social limitations other than Plaintiff's subjective complaints. (Doc. 6-2, PageID 51.) This finding is unsupported by substantial evidence. In fact, the record contains ample objective evidence that Plaintiff is limited to superficial social interactions.

Christopher Ward, Ph.D. performed a consultative psychological evaluation on behalf of the State agency in May 2019. (Doc. 6-8, PageID 1332-37.) Dr. Ward documented Plaintiff's subjective complaints of depressive symptoms with a poor-quality mood and social withdrawal, anxiety symptoms with chest tightness, shortness of breath, physical tension, sweating, shaking, and picking at her nails. (*Id.* at PageID 1334.)

In addition to documenting Plaintiff's subjective complaints, Dr. Ward also documented findings that he observed during the mental status examination, many of which supported Plaintiff's complaints. For example, although Dr. Ward reported that Plaintiff was cooperative and that rapport was easily established, he documented a

8

depressed mood, flattened affect, limited eye contact, and a "primarily downcast" facial expression. (*Id.* at PageID 1335.) Dr. Ward also observed that Plaintiff displayed "limited energy to complete the evaluation process" and appeared tired. (Id.)

Dr. Ward opined that Plaintiff "presented as depressed which may impact interpersonal interaction in work settings including limited or negative social interaction." (*Id.* at PageID 1337.) Dr. Ward also opined that Plaintiff "presented with intellectual limitations which may impact her ability to understand and respond to supervisory feedback." (*Id.*) All of these findings are consistent with the consultants' conclusion that Plaintiff would require only superficial social interactions.

The findings from Plaintiff's psychiatrist are consistent with the State agency psychological consultants' evaluation. (Doc. 6-9, PageID 1688-1712.) When Cynthia Richards, M.D. performed a psychiatric evaluation in March 2019, Plaintiff complained of mood abnormalities that included instability, racing thoughts, rapid speech, and agitation. (*Id.* at PageID 1693.) Plaintiff also complained of anxiety and other symptoms such as worry, panic attacks, preoccupation, an increased startle response, hyperarousal, dissociation, agoraphobia, and avoidance of situations. (*Id.* at PageID 1695-96.)

Dr. Richards documented findings during the mental status evaluation that support Plaintiff's complaints. (Doc. 6-9, PageID 1691-1711.) Although many findings were normal, Plaintiff exhibited a depressed, anxious, and demoralized mood, as well as fidgety behavior and only intermittent eye contact. (*Id.* at 1691, 1707, 1709, 1711.) In the area of language and communication, Dr. Richards reported that Plaintiff provided minimal responses which were associated with "arousal, functional or initiation

9

difficulties, poor motivation, passivity, resistance, [and] paranoia." (*Id.* at PageID 1708.) Dr. Richards diagnosed several conditions, including post-traumatic stress disorder and a panic disorder with agoraphobia. (*Id.* at PageID 1712.) Dr. Richards' findings are consistent with the prior administrative medical findings of Drs. Terry and Dietz that Plaintiff is limited to superficial social interactions.

In sum, the findings documented in the reports from Plaintiff's psychiatrist and the consultative examiner do, in fact, support the suggested limitation for superficial social interactions. Thus, the ALJ's conclusion that the record contained "no support" for a social limitation (other than Plaintiff's occasional subjective complaints) is not supported by substantial evidence, and reversal is warranted.

### B.     Failure to Comply With Applicable Regulations

The ALJ was required to explain his analysis of the supportability and consistency factors when considering the persuasiveness of the prior administrative medical findings. 20 C.F.R. § 416.920c(c)(1). He did not do so. Instead, the ALJ's entire discussion consisted of three sentences:

> DDD reviewers, Dr. Terry and Dr. Dietz, concluded the claimant could complete simple, routine and relatively static tasks of at least three steps in a static work environment with no fact paced production requirements, superficial interaction with others, and any necessary changes occurring infrequently and be adequately and easily explained ahead of time (Exhibits B3A and B5A). The undersigned finds this opinion mostly persuasive but does not find the claimant has more than mild limitations in social functions and does not warrant a reduction to superficial interaction with others. There is no support in the record to support social limitations excepting occasional subjective complaints by the claimant.

(Doc. 6-2, PageID 51.)

10

As an initial matter, the ALJ did not properly apply the supportability and consistency factors in 20 C.F.R. § 416.920c(c)(1). His use of the phrase "support in the record" suggests that he based his persuasiveness analysis on the supportability factor. But the supportability factor is limited to consideration of the "objective medical evidence and supporting explanations *presented by a medical source* . . . ." 20 C.F.R. § 416.920c(c)(1) (emphasis added). By contrast, "consistency" involves comparing a medical opinion or prior administrative medical finding with "the evidence *from other medical sources and nonmedical sources* in the claim." 20 C.F.R. § 416.920c(c)(2) (emphasis added). So although the ALJ used the term "support," his comparison of the consultants' findings to the rest of the record actually addressed the consistency factor.

The ALJ did not consider supportability as required by 20 C.F.R. § 416.920c(c)(1) because he did not explain his consideration of the consultants' supporting explanations and summaries of the evidence. For example, Dr. Terry cited to many of the objective findings in Dr. Ward's consultative evaluation report, which included abnormalities such as a depressed presentation, flattened affect, limited eye contact, limited energy to complete the evaluation process, and a "primarily downcast" facial expression. (Doc. 6-3, PageID 118.) Dr. Terry also cited to the March 2019 report from Dr. Richards, which indicates Plaintiff was prescribed Xanax for "se[vere] anxiety." (*Id.* at PageID 138.) These explanations support the consultants' assessment that Plaintiff is limited to superficial social interactions. By failing to acknowledge any of these explanations or evidence, the ALJ failed to address the supportability of the consultant's opinions as required by 20 C.F.R. § 416.920(b)(2) and(c)(1).

11

Defendant argues that the ALJ's failure to include the State agency psychological consultants' social limitation in the RFC constitutes harmless error. (Doc. 10, PageID 1830-32.) Defendant contends that the jobs that the ALJ cited at Step Five did not require more than superficial interaction, and thus any such additional limitation in the RFC would not have changed the ultimate outcome of the decision. (*Id.*) Defendant cites to the "People" ratings in the Dictionary of Occupational Titles (DOT) listings for two of the jobs cited by the ALJ at Step 5: Marker (DOT code 209.587-034) and Inspector and Hand Packager (DOT code 559.687-074). (*Id.* at PageID 1831-32.) Defendant cites to several cases to show that these jobs, both of which involve a "People" rating of 8, do not require greater than superficial interaction. (*Id.*)

Defendant's assertion is not well-taken. Defendant's citations—to cases from the Tenth Circuit and the Western District of Wisconsin—are not binding on this court. The Sixth Circuit Court of Appeals has not addressed whether the failure to incorporate a limitation for superficial social interaction constitutes harmless error, and there is no consensus among the judges in this district regarding the issue. *Compare Francis v. Comm'r of Soc. Sec.,* No. 2:17-CV-1022, 2018 WL 4442596, at *6 (S.D. Ohio Sept. 18, 2018) (Vascura, M.J.), *report and recommendation adopted,* No. 2:17-CV-1022, 2018 WL 4932081 (S.D. Ohio Oct. 11, 2018) (Smith, D.J.) (the ALJ's failure to limit Plaintiff to superficial interactions with supervisors—as she did with coworkers—is harmless error, as five of the six Step 5 jobs require only limited relationships with people), *with Crisp v. Comm'r of Soc. Sec.,* No. 2:19-CV-2401, 2020 WL 5640056, at *2 (S.D. Ohio Sept. 22, 2020) (Watson, D.J.) (the ALJ's failure to address opinions regarding

12

superficial interaction with the general public was not harmless error, when the VE's testimony addressed only superficial interaction with coworkers).

The Court notes that the term "superficial" is defined by neither the DOT nor in Social Security regulations, SSRs, or HALLEX. Therefore, this Court concludes that it cannot rely on the DOT's "People" scale to conclude that the jobs cited by the ALJ at Step 5 require no more than superficial social interaction. Moreover, Defendant's argument "invit[es] this court to perform a duty which is reserved to the ALJ. It is the ALJ, not the court, who must determine what jobs can be performed by plaintiff in light of her limitations." *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 WL 3087639, at *6 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-3820, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.) (citation omitted). Thus, reversal is warranted.

**VI. REMAND**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons

supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Statement of Errors (Doc. 7) be GRANTED;

2. The Court REVERSE the Commissioner's non-disability determination;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case be terminated on the Court's docket.

*Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions

of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).